UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAWRENCE TERRY HUFFMAN, | ) |
| Plaintiff, | ) |
| v. | ) No.  3:22-CV-40-KAC-JEM |
| BLOUNT COUNTY JAIL, MEDIKO CORRECTIONAL HEALTHCARE, SARA LNU, JANE DOES, DR. WAKHAM, BLOUNT COUNTY HEALTH DEPARTMENT, and BLOUNT COUNTY MUNICIPALITY, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Lawrence Terry Huffman filed (1) a complaint asserting violations of 42 U.S.C. § 1983 based on the alleged denial of medical treatment during his confinement in the Blount County Detention Center (BCDC) [Doc. 2] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]. Plaintiff's complaint alleges that he is confined in the BCDC. But while the Tennessee Department of Correction (TDOC) Felony Offender Information database previously listed Plaintiff as in the custody of the BCDC, it now lists his "Supervision Status" as "PROBATION." *See* https://apps.tn.gov/foil/search.jsp (last visited April 19, 2022). Plaintiff has not notified the Court of a change in his address.

**I.    MOTION TO PROCEED** *IN FORMA PAUPERIS*

It appears from Plaintiff's complaint, motion for leave to proceed *in forma pauperis*, and TDOC Felony Offender Database records that Plaintiff was a TDOC inmate confined in the BCDC detainee at the time he filed this action, and that he was unable to pay the filing fee [Docs. 1, 2; https://apps.tn.gov/foil/search.jsp (last visited April 19, 2022)]. While it appears that Plaintiff is

no longer in TDOC custody, his obligation to pay the filing fee arose when he filed his complaint. *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that "the obligation to pay the full filing fee under Section 1915(b) arises at the time a civil complaint is filed" (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). And BCDC and/or TDOC may take Plaintiff into custody again, at which point they could collect payments from Plaintiff towards the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [Doc. 1], and Plaintiff will be **ASSESSED** the civil filing fee of $350.00.

The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to send a copy of this Memorandum and Order to the custodian of inmate accounts at BCDC and TDOC, the Attorney General of the State of Tennessee, and the Court's financial deputy. This order shall be placed in Plaintiff's jail file and follow him if he moves to another institution.

II. **PLAINTIFF'S ADDRESS**

As set forth above, the TDOC Felony Offender Database previously listed Plaintiff as in the custody of the BCDC but now lists his "Supervision Status" as "PROBATION." https://apps.tn.gov/foil/search.jsp (last visited April 19, 2022). Thus, it appears that Plaintiff is no longer in TDOC custody. And it is unclear if Plaintiff wishes to continue with this lawsuit, related

to the alleged denial of medical treatment during his confinement in the Blount County Detention Center (BCDC), after his apparent release.

Also, this Court's local rules require a pro se plaintiff to notify the Clerk of Court and other Parties of a change of address within fourteen (14) days of the change. S*ee* E.D. Tenn. L.R. 83.13. Because it is unclear when Plaintiff's address changed, it is also unclear whether Plaintiff has failed to notify the Clerk and Parties of his address change as Local Rule 83.13 requires.

Accordingly, the Clerk will be **DIRECTED** to send this Memorandum and Order to each of the addresses listed by Plaintiff in Section III.A. of his complaint [Doc. 2 p. 3]. Plaintiff will be **ORDERED** to show good cause as to why the Court should not dismiss this action for want of prosecution and/or failure to comply with Court orders within fifteen (15) days of entry of this order and **NOTIFIED** that failure to timely comply with this order will result in dismissal of this action without further warning.

### III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at BCDC and TDOC, the Attorney General for the State of Tennessee, and the Court's financial deputy;

5. The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to Plaintiff at all addresses listed in Section III.A. of his complaint [Doc. 2 p. 3];

6. Plaintiff is **ORDERED** to show good cause as to why the Court should not dismiss this action for want of prosecution and/or failure to comply with Court orders within fifteen

(15) days of entry of this order and **NOTIFIED** that failure to timely comply with this order will result in dismissal of this action without further warning; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address will result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge