# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| LAWRENCE TERRY HUFFMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLOUNT COUNTY JAIL, MEDIKO ) <br> CORRECTIONAL HEALTHCARE, ) <br> SARA LNU, JANE DOES, DR. ) <br> WAKHAM, BLOUNT COUNTY ) <br> HEALTH DEPARTMENT, and BLOUNT ) <br> COUNTY MUNICIPALITY, ) <br> ) <br> Defendants. ) | No.   3:22:cv-40-KAC-DCP |

## MEMORANDUM OPINION

This is an action in which Plaintiff, a former Blount County Detention Center ("BCDC") inmate proceeding pro se, seeks relief under 42 U.S.C. § 1983 based on allegations that Defendants denied him medical treatment during his confinement in the BCDC [Doc. 2].  On April 19, 2022, the Court entered an order in which it, among other things, (1) granted Plaintiff leave to proceed *in forma pauperis*, (2) assessed Plaintiff with the filing fee, (3) noted that it appeared that Plaintiff's address had changed but that he had not filed a notice of change of address with the Court as required, (4) directed the Clerk to send the Order to each of the addresses Plaintiff listed in his complaint, (5) required Plaintiff to show good cause as to why the Court should not dismiss this action for want of prosecution and/or failure to comply with the Court Order within fifteen (15) days of entry of the Order, and (6) notified Plaintiff that failure to timely comply would with the Order result in dismissal of this action without further warning [Doc. 4 p. 1–4].  More than a month has passed since entry of that Order, and Plaintiff has not complied with the Order or otherwise communicated with the Court.

Also, on April 27, 2022, the United States Postal Service returned the Court's mail to Plaintiff containing the April 19, 2022 Order and addressed to Plaintiff at the Blount County Detention Center, which is the last current address Plaintiff provided to the Court [Doc. 2 p. 3], with a notation indicating it was undeliverable because Plaintiff is no longer in custody [Doc. 5 p. 6]. More than fourteen (14) days have passed since the return of this mail, and Plaintiff has not updated his address with the Court, despite Local Rule 83.13, which requires a pro se plaintiff to notify the Clerk of Court and other parties of a change of address within fourteen (14) days of the change. S*ee* E.D. Tenn. L.R. 83.13.

Accordingly, for the reasons set forth below, the Court **DISMISSES this action with prejudice** under Federal Rules of Civil Procedure 41(b) for lack of prosecution and failure to comply with a Court order.

Rule 41(b) gives this Court the authority to dismiss a case sua sponte when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's Order is due to his willfulness or fault because he failed to provide the Court an updated current address as required by Local Rule. Second, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants—neither the Court nor Defendants can communicate with Plaintiff without a current address. Third, the Court previously notified Plaintiff that failure to timely comply with the Court's Order would result in dismissal of this action [Doc. 4 p. 3, 4]. Finally, alternative sanctions are not warranted here because Plaintiff failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this action. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order and Local Rules, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action is **DISMISSED with prejudice** for lack of prosecution and failure to comply with a Court order under Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge